**SABRINA P. SHROFF**                                    80 BROAD STREET, 19TH FLOOR
ATTORNEY AT LAW                                          NEW YORK, NEW YORK 10007
                                                         TELEPHONE: (646) 763-1490

October 15, 2023

BY ECF

Hon. Valerie Figueredo
Magistrate Judge, United States District Court
 Southern District of New York
500 Pearl Street
New York, New York, 10007

Hon. Valerie Figueredo,

As ordered by this Court, I write to explain why *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d. Cir. 2006) is not a barrier to the disclosure of the search warrant and affidavits underlying the search warrants at issue in this case.

Procedural History

On September 26, 2023, Hansel Hernandez, along with two others -- Donte Goulbourne and Armando Beniquez, was arrested on a probable cause criminal complaint. Docket Entry # 1. At arrest, the government seized from Mr. Hernandez the money he was carrying and his cell phone.

At presentment, Mr. Hernandez moved to dismiss the complaint for lack of probable cause. Judge Ona T. Wang denied the motion. All three -- Mr. Hernandez, Donte Goulbourne and Armando Beniquez were released on bail. Docket Entry # 9. Mr. Hernandez requested a prompt preliminary hearing date. The Court set it for October 10, 2023.

Because he was subject to conditions of release that impinged on his travel to see his young son in the Dominica Republic, on September 27, 2023 Mr. Hernandez appealed the denial of dismissal of the complaint. Judge Arun S. Subramanian, sitting in Part I, heard oral argument on the appeal and reserved decision. See, Minute Order dated September 27, 2023.

On September 29, 2023, Judge Subramanian denied the motion to dismiss the complaint. In denying Mr. Hernandez's motion to dismiss, Judge Subramanian noted:

> One final point. At the hearing on his appeal, Hernandez raised questions concerning the first domino in this case: the checkpoint. Though the government has a strong interest in public safety related to, say, drunk driving, it may not use that interest as pretext for seizing all drivers to uncover "ordinary criminal wrongdoing." Compare Mich. Dep't of State Police v. Sitz, 496 U.S. 444, 454–55 (1990), with City of Indianapolis v. Edmond, 531 U.S. 32, 38 (2000). Though the checkpoint's "primary purpose" is to be determined "at the programmatic level," id. at 48, the officer here asked why the defendants "were driving in the vicinity late at night," Compl. ¶ 9(b). That question suggests that the checkpoint's primary purpose was not a discrete safety objective like drunk driving.

He then ordered the government "to file on ECF a letter by October 6, 2023, at 12:00 p.m., not to

Hon. Valerie Figueredo
October 15, 2023
Page 2

exceed five (5) pages, explaining the nature and lawfulness of the checkpoint program here." Docket Entry #13.

On October 5, 2023, the day before its letter regarding the legality of the checkpoint stop was due, the government dismissed the complaint against Mr. Hernandez; the same complaint it had twice argued was lawful. By dismissing the complaint, the government did not have to defend the legality of the stop. Dismissal also meant that the government no longer needed to expose its witnesses to cross examination at a preliminary hearing. As such, the scheduled preliminary to be held on October 10, 2023, did not occur.

On October 5, and continuously through October 14, 2023, Mr. Hernandez sought return of his cell phone and the money the government has seized from him at arrest. The government returned the money but refused to return the cell phone.

On October 10, 2023, Mr. Hernandez filed a motion, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of his cell phone. He sought, and the Court granted his request, for a date certain by which the government was required to respond to his motion. On October 11, 2023, the government filed its motion in opposition.

On October 12, 2023, the parties appeared before this Court for oral argument on the motion. By then, the government had had more than a fortnight (from September 26 to October 12, 2023), to get a search warrant to search the phone. It had taken no such steps. It was only upon the Order of this Court, did it seek a warrant. See Docket Entry # 25. Mr. Hernandez sought a copy of the search warrant and underlying documents in this case. The Court reserved decision.

On October 13, 2023, the Court ordered Mr. Hernandez to "provide a short letter brief indicating the authority that would allow you to obtain a copy of the warrant and affidavit, despite the Government request to seal the warrant and affidavit. The Court also asked "why the warrant and affidavit should not be sealed pursuant to the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)."

This letter response follows.

The Applicable Legal Standard

It is well established that the public and the press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

The documents at issue are the sort of judicial documents to which the public has a presumptive right of access. Accordingly, these documents may only be sealed if "specific, on the record findings are made to demonstrate that sealing is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch,* 435 F.3d at 120. The Second Circuit has repeatedly reinforced the requirement that the district court avoid sealing judicial documents in their entirety. *Id*.

Case law makes clear that the presumption of access to a judicial document varies in weight depending upon the document's significance in the adjudicative process. If the documents are

Hon. Valerie Figueredo
October 15, 2023
Page 3

used by the government to determine a litigants' substantive rights, a "strong presumption of access" attaches. *Lugosch*, 435 F.3d at 1049; *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044 (2d Cir. 1995).

Here, the search warrant and the affidavits in support of the search warrant were used to adjudicate Mr. Hernandez's Fourth Amendment right not to be subjected to government intrusion absent a judicial determination of sufficient cause. This constitutional right is amongst the highest and most important of judicial protections, and the judicial determination of whether to permit the government to enter and search another's property qualifies as a determination of an individual's procedural and substantive legal rights. The presumption of access attaching to the documents at issue here thus falls at the far end of the continuum described in *Amodeo II* and *Lugosch* and carries the maximum possible weight.

While this strongest presumption in favor of access is necessarily balanced against a handful of potential countervailing factors, such as third-party privacy concerns, law enforcement efforts, or judicial efficiency (*Lugosch*, 435 F.3d at 125), none of those factors are applicable here. In this regard, the disclosure of the search warrant applications and affidavits will not compromise an ongoing criminal investigation. Nor will it unfairly infringe the privacy interests of third parties, or negatively impact judicial efficiency.

As the party "seeking to maintain sealing," the government bears the heavy "burden of establishing that [continued] sealing is warranted." *In re Application to Unseal 98 Cr. 1101 (ILG)*, 891 F. Supp. 2d 296, 299 (E.D.N.Y. 2012). The government cannot meet its heavy burden here.

Discussion

Both public policy and the First Amendment supports unsealing. Courts are encouraged to avoid sealing judicial documents in their entirety unless necessary. This is because transparency is pivotal to the public perception of the judiciary's legitimacy and independence. *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008). Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat or biased toward the government, and requires rigorous justification. *Id*.

Given this, it is settled that documents to which the public has a qualified right of access – such as the search warrant and affidavits here – may only be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve a countervailing interest and is narrowly tailored to serve that interest. *See, e.g., Lugosch,* 435 F.3d at 120. In this case, there is no – and the government certainly met its heavy burden of showing a – countervailing interest that outweighs Mr. Hernandez's, and the public's, strong presumptive right of access to those documents.

On this record, there is no real and abiding countervailing interest – *viz*, a threat to judicial efficiency, third-party privacy, or law enforcement – that prevents unsealing the documents at issue.

The government has publicly announced its investigation and effectuated arrests. Charges have been filed and docket on the public docket. Under these circumstances, a balancing of factors

Hon. Valerie Figueredo
October 15, 2023
Page 4

compels the conclusion that the search warrant, the applications and affidavits should be unsealed. *See In Re Sealed Search Warrant*, No. 04-M-370 — 388, 2006 WL 3690639, *4-5 (N.D.N.Y. Dec. 11, 2006) (holding that the weight accorded countervailing factors diminishes after indictment or a decision not to prosecute).

There is no risk of flight or destruction of evidence that could stem from disclosure of the search warrants because the government already has announced its investigation into the three individuals arrested, then announced it was continuing to investigate those that worked with the three, allowing any other co-conspirators to adjust their conduct. The government made its announcements long before this application to unseal was made to the Court, and it is the government who provided that lead time, by waiting to get a search warrant until directed to do so by this Court.

Nor is there any risk that the search warrant applications and affidavits at issue would wrongly disclose to the subjects the breadth of charges that could be brought. Each one of the three arrested is charged with mail fraud. Each is represented by able and experienced counsel who has advised them of the full range of potential criminal violations being investigated long before the search the government seeks to conduct.

Nor is this a case where the government appears to be relying on a confidential source or a cooperating witness. Hence, there is no concern or risk of witness tampering, harassment or retaliation, or that a cooperator could be influenced to conceal or destroy evidence or influence information and testimony given by others, and otherwise delay and obstruct the investigation. *Amodeo II*, 71 F.3d at 1051-52.

For all these reasons, this Court's conclusion should be no different than the conclusion reached in *In re Sealed Search Warrant*, 2006 WL 3690639 (W.D.N.Y 2006) (ordering unsealing of search warrants and underlying affidavits because the government's need for sealing gave way to public's interest and right to access those judicial documents). The Court should order the immediate unsealing of the search warrant application, and affidavits in this case and any such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Sabrina Shroff
Counsel to Hansel Hernandez