**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

IN RE SEARCH WARRANT DATED
OCTOBER 13, 2023,

------------------------------------------------------------------X

23 Misc. 389 (JLR) (VF)

**OPINION & ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge**

    Hansel Hernandez moves to unseal an affidavit submitted in support of an application, made on October 12, 2023, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, for a warrant to search his cellular phone. For the reasons that follow, Hansel's motion to unseal is GRANTED.

### BACKGROUND[1]

    On September 26, 2023, Hansel Hernandez and two other individuals were arrested after their car was stopped at a check-point in the Bronx, New York. See Dkt. 23-MJ-6550, ECF No. 1 (Compl. ¶ 9(a), (b), (e)). The police officers asked to search the car and a passenger in the car consented to the search. Id., ECF No. 1 at ¶ 9(c). In the subsequent search, officers found 71 checks in the glovebox, totaling more than $437,000, and 137 pieces of unopened mail in a bag in the trunk. Id., ECF No. 1 at ¶ 9(c). Hernandez and the other two individuals were arrested. Following his arrest, police officers seized Hernandez's Apple iPhone. At the precinct, a search using a metal detector uncovered a key to a U.S. Postal Service drop box in the show of one of the individuals (not Hernandez). Id., ECF No. 1 at ¶ 9(e).

    On September 26, the Government filed a complaint, alleging that Hernandez and the other two individuals had committed theft of a postal key, theft of mail and receipt of stolen mail, and conspiracy to commit those offenses, violations of 18 U.S.C. § 371, 18 U.S.C. §§ 1704 and 2, and 18 U.S.C. §§ 1708 and 2. See id., ECF No. 1. At his initial presentment on September 26, Hernandez moved to dismiss the complaint for lack of probable cause. See id., ECF No. 9, Minute Entry. The Honorable Ona T. Wang denied the motion, and Hernandez appealed the decision. On September 29, 2023, the Honorable Arun Subramanian affirmed the denial of the motion to dismiss the complaint, concluding that the facts recounted in the complaint set forth probable cause to believe that Hernandez had committed a crime. Id., ECF No. 13 at 2-3.

    On October 5, 2023, the Government dismissed the complaint only as against Hernandez. Id., ECF No. 15. Subsequently, Hernandez, through counsel, sought the return of his cell phone.

---

[1] A fuller recitation of the pertinent factual background is provided in the Memorandum Opinion and Order of the Honorable Arun Subramanian, dated September 29, 2023. See Dkt. 23-MJ-6550, ECF No. 13.

1

See id., ECF No. 25. On October 12, 2023, at a status conference before the Court, the Government indicated that it would seek a warrant to search Hernandez's iPhone. Id. In response, Hernandez's counsel requested a copy of the search warrant and underlying affidavit. Id.

On October 12, 2023, the Government applied for a warrant, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, to search Hernandez's iPhone (as well as the electronic devices seized from the two other individuals who were arrested with Hernandez). The search warrant was supported by an affidavit sworn by a federal law enforcement officer (the "Affidavit"). Both the warrant and Affidavit were filed under seal. On October 13, 2023, relying on the Affidavit, the Court found that probable cause existed to believe that Hernandez's phone contained evidence of the federal crimes of mail theft, receipt of stolen mail, theft of a postal key, and conspiracy to commit those crimes. The Court issued the warrant authorizing the search of Hernandez's iPhone.

Because Hernandez's counsel had made an oral request at the hearing on October 12 for a copy of the warrant and Affidavit, the Court asked the parties to address the issue of whether Hernandez was entitled to obtain a copy of the warrant and Affidavit under the Second Circuit's decision in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). On October 15, 2023, Hernandez submitted a letter brief in support of his request to unseal the warrant and Affidavit. See Dkt. 23 Misc. 389, ECF No. 1. On October 18, 2023, the Government filed its opposition. See id., ECF No. 2. In its opposition, the Government indicated that it had provided Hernandez a copy of the warrant. As to the Affidavit, however, the Government argued that disclosure of the Affidavit would impede law enforcement's ongoing investigation of Hernandez. Id., ECF No. 2 at 2.

## DISCUSSION

"The 'notion that the public should have access to the proceedings and documents of courts is integral to our system of government.'" United States v. Cohen, 366 F. Supp. 3d 612, 618 (S.D.N.Y. 2019) (quoting United States v. Erie Cty., 763 F.3d 235, 238-39 (2d Cir. 2014)). There thus is a presumptive right of access to judicial documents, which is rooted in both the common law and the First Amendment. Erie Cty., 763 F.3d at 238-39; see also Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Under Second Circuit precedent, determining whether a document is a judicial document for purposes of the rights of access under the First Amendment and the common law examines the role of the document in the judicial process. See Erie Cty., 763 F.3d at 239-40; In re Search Warrant, No. 16-MC-464 (PKC), 2016 WL 7339113, at *2 (S.D.N.Y. Dec. 19, 2016).

Documents may be sealed in whole or in part where it "is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120 (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). The "decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant

facts and circumstances of the particular case." <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 599 (1978); <u>see also</u> <u>Cohen</u>, 366 F. Supp. 3d at 618-19.

In the Second Circuit, courts follow a three-step analysis for determining whether the common law right of access requires disclosure of documents in whole or in part. First, the Court must determine whether the item at issue is a "judicial document," that is, whether the item is "'relevant to the performance of the judicial function and useful in the judicial process.'" <u>Lugosch</u>, 435 F.3d at 119 (quoting <u>United States v. Amodeo</u>, 44 F.3d 141, 145 (2d Cir. 1995)). Second, the Court "must determine the weight of that presumption [of access]," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." <u>Id.</u> at 119. Third, the Court must "balance competing considerations against" the weight of the presumption. <u>Id.</u> at 120.

Courts determine whether the First Amendment protects access to certain materials by using the "experience and logic" test, which requires consideration of (1) "whether the documents have historically been open to the press and general public," and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." <u>Lugosch</u>, 435 F.3d at 120. If a First Amendment right of access is found, documents "may [only] be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." <u>Id.</u> (quoting <u>In re New York Times Co.</u>, 828 F.2d at 116).

Hernandez contends that he has a right of access to the Affidavit under both the common law and First Amendment. <u>See</u> Dkt. 23 Misc. 389, ECF No. 1 at 3. Because the common law right of access supports unsealing the Affidavit, I do not address whether a First Amendment right of access also applies. Turning to the common law right of access, the first step in the analysis examines whether the Affidavit submitted in support of the warrant application is a judicial document. That inquiry is easily resolved.

A document is a "judicial document" if it is "relevant to the performance of the judicial function and useful in the judicial process." <u>Lugosch</u>, 435 F.3d at 119; <u>accord</u> <u>United States v. HSBC Bank USA, N.A.</u>, 863 F.3d 125, 133 (2d Cir. 2017). Here, the Affidavit formed the basis for the Court's decision to issue the warrant authorizing the search of Hernandez's iPhone. The Court relied on the information in the Affidavit to determine that probable cause existed to support issuance of a search warrant. Simply put, the Affidavit was "central" to the court's probable cause determination and is thus "clearly" a judicial document. <u>United States v. All Funds on Deposit at Wells Fargo</u>, 643 F. Supp. 2d 577, 583 (S.D.N.Y. 2009) ("Affidavits in support of seizure or search warrants are central to a court's probable cause determination."); <u>see also</u> <u>In re Search Warrant Dated November 5, 2021</u>, No. 21 Misc. 813 (AT) (SLC), 2021 WL 5830728, at *2 (S.D.N.Y. Dec. 7, 2021) (concluding that affidavits and materials submitted in support of warrant application were judicial documents); <u>In re Search Warrant</u>, 2016 WL 7339113, at *2 (explaining that affidavits supporting search warrant applications "are critical to

judicial determinations of whether the Fourth Amendment's probable cause standards are met" and are therefore "relevant to the performance of the judicial function"). And, the Government does not contend otherwise.

Because the Affidavit is a judicial document, "a common law presumption of access attaches." Lugosch, 435 F.3d at 119. The next step in the inquiry examines the weight to be afforded that presumption. See All Funds, 643 F. Supp. 2d at 584; In re Search Warrant, 2016 WL 7339113, at *3. The Second Circuit has identified the continuum of judicial documents as ranging from "matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995). "Especially great weight is given to documents that are material to particular judicial decisions and thus critical to 'determining litigants' substantive rights—conduct at the heart of Article III—and . . . public monitoring of that conduct.'" All Funds, 643 F. Supp. 2d at 584 (quoting Amodeo, 71 F.3d at 1049) (alteration in original). As Chief Judge Swain reasoned in All Funds, "a court's determination that a person's property may be seized involves the adjudication of that person's substantive rights" and the information relied on by the court in making that determination "directly affects the adjudication." Id., 646 F. Supp. 2d at 584. Here, the Affidavit contains the information supporting the Court's finding that probable cause existed to issue a warrant authorizing the search of Hernandez's iPhone. The Affidavit was thus critical to granting the Government permission to search Hernandez's property, directly affecting his substantive rights. The common law presumption of access to the Affidavit is therefore entitled to great weight. See All Funds, 643 F. Supp. 2d at 584 (concluding that common law presumption of access to affidavits supporting search warrant was entitled to great weight); In re Search Warrant, 2016 WL 7339113, at *3 (concluding that presumption of access afforded to search warrant and related materials was entitled to great weight); United States v. Mullins, No. 22-CR-120 (JGK), 2023 WL 3159418, at *2 (S.D.N.Y. Apr. 26, 2023) (reasoning that presumption of access to warrant-related documents is entitled to great weight).

At the final step of the analysis, a court must balance competing considerations against the weight of the common law presumption of access. See In re Search Warrant, 2016 WL 7339113, at *4. "Where the presumption of access is 'of the highest' weight, as to the material sought by the public or press, the material 'should not remain under seal *absent the most compelling reasons*.'" All Funds, 643 F. Supp. 2d at 584 (quoting Lugosch, 435 F.3d at 123) (emphasis in original). The Court is thus required to order disclosure absent compelling reasons to deny access to the Affidavit. And to the extent compelling reasons exist to deny public access to the Affidavit, "the limitation should not be broader than necessary." All Funds, 643 F. Supp. 2d at 585. One countervailing factor that can override the presumption of access and justify continued sealing of documents is the "law enforcement privilege," which is "designed to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, [and] to safeguard the privacy of individuals involved in an investigation." Mullins, 2023 WL 3159418, at *2 (quoting Amodeo, 44 F.3d at 147) (alteration in original).

The Government advances a single countervailing factor that it contends outweighs the great weight afforded the common law right of access to the Affidavit: law enforcement interests. The Government summarily argues that its "grand jury investigation is ongoing," implicitly suggesting that disclosure of the Affidavit would impede that investigation. See Dkt. 23 Misc. 389, ECF No. 2 at 2. The Government's conclusory argument, made in a single paragraph, is unavailing for several reasons.

First, the Government's investigation is public. Hernandez was arrested and charged in a criminal complaint. The criminal complaint is on a publicly available docket. And, Hernandez received a copy of the warrant, which on its face identifies the offenses for which the Government is seeking evidence and also details the electronic devices to be searched.

Second, unsealing the Affidavit will not reveal the identities of other participants in the alleged criminal activity, previously unknown to Hernandez. Hernandez was arrested with two other defendants, whose phones were also seized. It is plain from the warrant that the cell phones of those individuals, along with Hernandez's iPhone, were searched pursuant to the same warrant. And to the extent the Affidavit may reveal previously unknown information about those other individuals, the Government does not propose the possibility of redactions to the Affidavit, despite the Court's responsibility to employ the least restrictive possible means in sealing a judicial document. Moreover, disclosure of the Affidavit will not alert Hernandez to the possibility that the Government is investigating additional criminal violations. The warrant identifies the subject offenses that are being investigated, which are the same offenses Hernandez was charged with committing in the complaint. Because Hernandez is already aware of the scope and direction of the Government's investigation, the Government has no legitimate concern that disclosure of the Affidavit will reveal sensitive information about its investigation.

Third, this is not a case where disclosure of the Affidavit would reveal a confidential source, cooperating witness, or investigative techniques of law enforcement. The Court reviewed the Affidavit in camera prior to issuance of the warrant. The probable cause showing made by the Government did not rely on information from a cooperating witness or confidential source. There thus is no concern that disclosure of the Affidavit to Hernandez could result in harassment, witness tampering, or compromising the activities of a confidential source. Similarly, there is no risk that unsealing the Affidavit will reveal specific investigative techniques, because the probable cause showing in the Affidavit did not rely on such techniques.

Finally, the Government argues that Hernandez is not entitled to production of the Affidavit because there is no mechanism for him to challenge the Court's probable cause determination preindictment. See Dkt. No. 23 Misc. 389, ECF No. 2 at 1. Although that may well be true, Hernandez has not brought a motion to suppress. He is simply seeking to unseal the Affidavit. The two cases cited by the Government are easily distinguishable because both concerned defendants attempting to challenge the legality of the warrant preindictment, through for instance, a motion to suppress. See Doane v. United States, 2009 WL 1619642, at *9 (S.D.N.Y. June 5, 2009); In re Search Warrants Executed on April 28, 2021, No. 21-MC-425

(JPO), 2021 WL 2188150, at *3 (S.D.N.Y. May 28, 2021). And, tellingly, in <u>In re Search Warrants</u>, cited by the Government, the Court made a finding that the presumption of access to the affidavits underlying the warrant was outweighed by the need to protect an ongoing grand jury investigation. Here, by contrast, the Government has not pointed to a countervailing interest that outweighs the presumption of access afforded to the Affidavit.

In short, the law enforcement interest advanced by the Government is insufficient to outweigh the great weight afforded the common law right of access to the Affidavit.

## CONCLUSION

For the reasons set forth above, Hernandez's motion is GRANTED. The Government is directed to produce a copy of the Affidavit to Hernandez within three (3) days of the entry of this order. The Clerk of Court is directed to publicly file this Opinion and Order in case number 23 Misc. 389.

**SO ORDERED.**

DATED:   New York, New York

   October 20, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge